**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHARD BENJAMIN, | ) |
|     *Plaintiff,* | ) |
| v. | )    Civil Action No.: 1:15-cv-00160 |
| U.S. DEPARTMENT OF STATE, | ) |
|     *Defendant.* | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, seeking agency records about the U.S. government's role in a June 1957 *coup d'état* that ousted Haiti's President, Daniel Fignolé, and installed notorious dictator François "Papa Doc" Duvalier.

2. As part of ongoing research that includes a review of more than four hundred pages of declassified records, Plaintiff Richard Benjamin, Ph.D. ("Dr. Benjamin") sought several cables discussing Fignolé that the U.S. Embassy in Port-au-Prince exchanged with the State Department in Washington, D.C. during the summer of 1957

3. After releasing 12 pages of partially redacted agency records, Defendant U.S. Department of State ("State") refused to release certain information within two cables – one from June 17 and another from July 9, 1957. State claimed the redacted records contain classified national security information and are therefore subject to FOIA's Exemption 1, 5 U.S.C. § 552(b)(1), notwithstanding the passage of nearly sixty years.

4. Because State improperly withheld these records, Dr. Benjamin seeks declaratory and injunctive relief under the Act.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Dr. Benjamin brings this action in the District of Columbia, and because the agency records he seeks are situated within this District.

## Parties

6.  Dr. Benjamin is an author and scholar who currently serves as a Senior Fellow at Demōs, a New York-based public policy organization working to build equality of participation and opportunity in American democracy. His work appears in a wide variety of outlets, including the *The New York Times*, *The New Yorker*, *The New York Times Sunday Book Review,* PBS, MSNBC, Fox News, and NPR.

7.  State is an executive agency of the United States government and is responsible for the decision to withhold the agency records at issue in this case, after initial referral to State by the National Archives and Records Administration ("NARA"). State is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Background

8.  Just weeks after President Eisenhower, Vice President Nixon, and Director of Central Intelligence Allen Dulles voiced concerns that Haitian President Fignolé had a "strong leftist orientation" and "was not especially friendly to the United States," Haitian soldiers kidnapped Fignolé and his wife, Carmen, and with the help of the U.S. government, placed them on a military plane bound for exile in the United States.

9. The streets of Haiti erupted with protests in the wake of President Fignolé's ouster, with Haitian workers crying, *en masse*, "Where is he? Where is he?" according to a *Time* magazine report.

10. In response, Haitian military personnel killed more than 500 protestors, kidnapped President Fignolé's seven children, and stashed them in the national army barracks.

11. Papa Doc Duvalier took power later that year. He and his son, Jean-Paul "Baby Doc" Duvalier reigned over Haiti for the next three decades.

### **Plaintiff's FOIA Request**

12. On December 23, 2010, as part of his ongoing research into the U.S. government's role in deposing President Fignolé, Dr. Benjamin requested from the NARA Central Decimal files, box numbers 3089-90, NND 867404.

13. NARA acknowledged Dr. Benjamin's response on January 4, 2011 and assigned it reference number NW 35149.

14. NARA notified Dr. Benjamin on July 23, 2012 that State partially denied his request by redacting portions of twelve pages of responsive records pursuant to Exemption 1.

15. Dr. Benjamin timely appealed State's denial on September 17, 2012.

16. State acknowledged its receipt of Dr. Benjamin's appeal on September 26, 2012 and assigned it Case Number F-2011-02312.

17. On September 16, 2014, almost two years to the day after State received Dr. Benjamin's appeal, State informed him by letter that an Appeals Review Panel had reviewed the withholdings and upheld them pursuant to Exemption 1.

18. Specifically, State's Appeals Review Panel concluded the information withheld was properly classified as in accordance with Executive Order 13526 (National Security Information), despite the passage of time.

19. According to the panel, releasing the information Dr. Benjamin seeks about the U.S. government's role in the ouster of President Fignolé "reasonably could be expected to cause serious damage to the national security of the United States."

### The State Department's Misapplication of E.O. 13526

20. Section 3.3 of Executive Order 13526 provides for review and automatic declassification of government records after 25, 50, and 75 years. *See also* 32 C.F.R. § 2001.30 (implementing E.O. 13526).

21. Certain information may be exempted from declassification, however, including information about confidential human sources and intelligence information. E.O. 13526, § 3.3(b)(1).

22. According to the regulations implementing EO 13526, all federal agencies, including State, must establish systemic review programs for records containing information exempted from automatic declassification. 32 C.F.R. § 2001.31.

23. All agencies, including State, must also create declassification guides and abide by the terms of these guides. 32 C.F.R. §§ 2001.15, 2001.32.

24. Finally, agencies, including State, must follow specific procedural requirements governing the marking of documents to be exempted from automatic declassification. *See* 32 C.F.R. § 2001.26.

25. The State Department Declassification Guide governing automatic and systematic declassification of records under Part 3 of Executive Order 13526 sets forth

procedural requirements that govern State's classification reviews – including the one undertaken in response to Dr. Benjamin's request.

26. According to State's Declassification Guide, the authority to exempt confidential human source information from classification after the 50-year mark "should be used sparingly, since in most cases 50 years will have been sufficient to protect most of [State]'s sources[.]"

27. Such exemption from declassification should be considered, according to State, only when the confidential human source "was sufficiently young at the time of the incident <u>and</u> may still be professionally active," or when the authoritarian regime may visit reprisals upon the source's family or organization. (emphasis added).

28. State's Declassification Guide also requires referral to the intelligence community element responsible for the information when State seeks to continue classifying human intelligence sources beyond the 50-year mark.

29. On information and belief, State has no information indicating that a confidential human source who provided the information in the records Dr. Benjamin seeks is still "professionally active" sufficient to warrant continuing classification in accordance with State's Declassification Guide.

30. On information and belief, State did not refer any of the information it reviewed to the CIA before denying Dr. Benjamin's appeal.

<div style="text-align:center"><u>Claim for Relief</u><br><b>Violation of the FOIA: Improper Withholding of Agency Records</b></div>

31. All previous paragraphs are incorporated as though fully set forth herein.

32. Dr. Benjamin has a legal right under the FOIA to obtain agency records requested from State in connection with his request and no legal basis exists for Defendant's withholding and continuing classification of these records pursuant to Exemption 1.

33. Because State has not follows the procedural requirements set forth in E.O. 13526, 32 C.F.R. §§ 2001, *et seq.*, and State's Declassification Guide for exempting the withheld records from declassification, its withholding of these records violates the FOIA. *See, e.g., Schoenman v. FBI*, 565 F. Supp. 2d 136, 151-52 (D.D.C. 2008).

34. Defendant's wrongful withholding of the agency records sought in connection with Plaintiff's request violates the FOIA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment enter in his favor and against Defendant, and that:

A. the Court declare the requested records are not exempt from disclosure under the FOIA's Exemption 1 and Defendant must immediately disclose the requested records in their entirety;

B. the Court permanently enjoin and restrain Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them from continuing to withhold the agency records at issue in this case;

C. the Court award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. the Court award all other relief to Plaintiff that it deems just, equitable, and proper.

Dated:  February 2, 2015	Respectfully submitted,

<div style="margin-left:3em;">

/s/ R. Andrew Free
**R. ANDREW FREE, No. 30513**
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-4345
Andrew@ImmigrantCivilRights.com

</div>