UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
RICHARD BENJAMIN,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   Civil Action No. 15-0160 (ABJ)
                                       )
U.S. DEPARTMENT OF STATE,              )
                                       )
            Defendant.                 )
                                       )

## MEMORANDUM OPINION

Plaintiff Dr. Richard Benjamin has sued the U.S. Department of State (the "State Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking documents relating to the U.S. government's role in a June 1957 *coup d'état* in Haiti. Am. Compl. [Dkt. # 19] ¶ 1. Plaintiff's lawsuit originated as a disagreement over the State Department's withholding of four specific documents. *Id.* ¶ 3. Since the initiation of this action, the State Department has released two of the documents in full, and it has released the remaining two documents with minimal redactions.

The State Department has moved for summary judgment on the basis that the redactions are justified under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), because the redacted information is classified. Def.'s Renewed Mot. for Summ. J. [Dkt. # 22] ("Def.'s Mot."); Mem. in Supp. of Def.'s Mot. [Dkt. # 22] ("Def.'s Mem.") at 4–5. In support of its argument, the State Department submitted two *in camera* and *ex parte* declarations. *See* Def.'s Notice of Submission of *In Camera Ex Parte* Decl. [Dkt. # 15] ("Def.'s Decl."); Def.'s Notice of Submission of *In Camera Ex Parte* Decl. [Dkt. # 23] ("Def.'s 2d Decl."). Plaintiff opposes the motion, challenging the *ex parte* nature of the proceedings and arguing that there exists a genuine issue of material fact on the question of

whether the documents should remain partially classified. Pl.'s Resp. in Opp. to Def.'s Mot. [Dkt. # 25] ("Pl.'s Opp."). Defendant replied in support of the motion. Reply in Supp. of Def.'s Mot. [Dkt. # 26].

The Court will grant the State Department's motion, because it finds that the agency's invocation of Exemption 1 was justified.

## BACKGROUND

Plaintiff brings this FOIA action seeking agency records regarding the U.S. government's role in the June 1957 coup that "ousted Haiti's President, Daniel Fignolé, and installed notorious dictator François 'Papa Doc' Duvalier." Am. Compl. ¶ 1. As part of plaintiff's ongoing research into the topic, plaintiff filed a FOIA request with the National Archives and Records Administration ("NARA") on December 23, 2010. Id. ¶¶ 8, 13. His request specifically sought "several cables discussing Fignolé that the U.S. Embassy in Port-au-Prince exchanged with the State Department in Washington, D.C. during the summer of 1957." Id. ¶ 2.

On July 23, 2012, NARA informed plaintiff that the State Department had "partially denied his request by redacting portions of four responsive records pursuant to Exemption 1." Id. ¶ 15.[1] Plaintiff's complaint alleged that the State Department failed to release portions of four responsive records – a June 11, 1957 record; a June 17, 1957 record; a July 9, 1957 record; and a September 13, 1957 record. Id. ¶¶ 3, 15. Plaintiff appealed the partial denial on September 17, 2012, but the State Department's decision was upheld by an agency review board on September 16, 2014. Id. ¶¶ 16–19.

---

1   Exemption 1, as will be discussed below, allows documents to be kept from the public eye "in the interest of national defense or foreign policy." 5 U.S.C. § 552(b)(1).

Plaintiff filed this lawsuit on February 2, 2015, requesting that the Court declare that the June 17, 1957 and July 9, 1957 records were not exempt under Exemption 1. Compl. ¶ 3; *id.* at 6 (Req. for Relief) ¶ A. After the lawsuit was filed, the State Department released the July 9 document in full and also released additional information in the June 17 document. Def.'s Statement of Material Facts Not in Genuine Dispute [Dkt. # 22] ("Def.'s SOF") ¶ 8. Only the equivalent of half of one line remained redacted in the June 17 document. *Id.*; Decl. of John F. Hackett (July 24, 2015), Ex. 2 to Def.'s Mot. [Dkt. # 22-2] ("Hackett Decl.") ¶ 12.

Plaintiff filed an amended complaint on September 18, 2015, requesting that the Court find all four records not exempt from disclosure under Exemption 1. Am. Compl. ¶ 3; *id.* at 6 (Req. for Relief). On December 3, 2015, defendant released the June 11 document in part, and also released the September 13 document in full. Def.'s SOF ¶ 10; Ex. A to Def.'s Mot. [Dkt. # 22-3] at 1.

Because the State Department has released the July 9 and September 13 documents in full, the only issues that remain in this litigation pertain to whether the limited redactions in the June 11, 1957 and June 17, 1957 documents were proper. In support of its position that the limited redactions in those two documents were proper, the State Department filed an *in camera* and *ex parte* declaration that itself was classified. *See* Def.'s Decl. Defendant filed another *in camera* and *ex parte* declaration with its renewed motion for summary judgment. *See* Def.'s 2d Decl. The

Court permitted the State Department to submit *in camera* and *ex parte* materials, *see* Min. Order (July 20, 2015), and the Court has reviewed the sealed material.[2]

### STANDARD OF REVIEW

In a FOIA case, the district court reviews the agency's action *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009). On a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Where a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary

---

2   Plaintiff objects to the Court's determination of a summary judgment motion based upon declarations that he cannot review. Pl.'s Opp. at 1–2. He contends that proceeding in this manner limits his ability to argue that defendant's rationale for the claimed exemption is invalid, and that it also precludes him from arguing that the State Department failed to comply with its own declassification policies or the declassification requirements in Executive Order 13,526. *Id.* But courts have inherent authority to review documents *in camera*. *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) ("[T]he receipt of *in camera* affidavits is . . . 'part of a trial judge's procedural arsenal.'"), quoting *United States v. Southard*, 700 F.2d 1, 11 (1st Cir. 1983). As the D.C. Circuit has recognized, "where the district court could reasonably find that public itemization and detailed justification would compromise legitimate secrecy interests . . . it [is] appropriate to receive affidavits *in camera* rather than in public." *Hayden v. NSA*, 608 F.2d 1381, 1385 (D.C. Cir. 1979). The Court of Appeals "recognized that a fuller public record could enhance the adversary process; but it could also reveal sensitive information." *Id.* at 1385; *see also Mobley v. CIA*, 806 F.3d 568, 588 (D.C. Cir. 2015) (affirming the use of *ex parte*, *in camera* declarations where agency asserted a national security interest in the records). Because the receipt and review of *in camera* and *ex parte* declarations is permissible in the FOIA context, especially in Exemption 1 cases, the Court will overrule plaintiff's objection.

judgment solely on the basis of information provided by the agency in declarations." *Moore*, 601 F. Supp. 2d at 12.

## ANALYSIS

FOIA requires the release of government records upon request. Its purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). At the same time, Congress recognized "that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." *FBI v. Abramson*, 456 U.S. 615, 621 (1982); *see also Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003) ("FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential."), citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

The general rule in FOIA cases is that "[i]f an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). "[W]hen an agency seeks to withhold information, it must provide a relatively detailed justification" for the withholding, *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007), quoting *King v. U.S. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987), through a *Vaughn* Index, an affidavit, or by other means. *Gallant v. NLRB*, 26 F.3d 168, 172–73 (D.C. Cir. 1994). Furthermore, where a case turns on classified material, "[t]he court is to 'accord substantial weight to an agency's affidavit

concerning the details of the classified status of the disputed record.'" *Jarvik v. CIA*, 741 F. Supp. 2d 106, 118 (D.D.C. 2010), quoting *Military Audit Project*, 656 F.2d at 738.

FOIA Exemption 1 provides that matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified pursuant to such Executive order" are exempt from production under FOIA. 5 U.S.C. § 552(b)(1). "[I]n the FOIA context, [the D.C. Circuit has] consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review." *Ctr. for Nat'l Sec. Studies*, 331 F.3d at 927. "The [agency's] arguments need only be both 'plausible' and 'logical' to justify the invocation of a FOIA exemption in the national security context." *ACLU*, 628 F.3d at 624, quoting *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007); *see also Morley*, 508 F.3d at 1124 ("[T]he text of Exemption 1 itself suggests that little proof or explanation is required beyond a plausible assertion that information is properly classified.").

After examining the State Department's *ex parte*, *in camera* declarations, the Court is satisfied that the State Department has put forth a "plausible" and "logical" argument in support of its invocation of Exemption 1, and therefore, the Court will grant defendant's motion for summary judgment.[3]

---

3    Plaintiff argues that the State Department's declarations are not entitled to deference because plaintiff submits that, by changing its position on various documents over the course of this litigation, defendant is not acting in good faith. Pl.'s Opp. at 3. However, the D.C. Circuit has "emphatically reject[ed]" this line of reasoning. *Military Audit Project*, 656 F.2d at 754. The Court has explained that such an argument, if accepted, would "work mischief in the future by creating a disincentive for an agency to reappraise its position, and when appropriate, release documents previously withheld," and that the "argument is based on the perverse theory that a forthcoming agency is less to be trusted in its allegations than an unyielding agency." *Id.*

## CONCLUSION

Because the Court finds that the government's reliance on Exemption 1 was proper, the Court will grant defendant's motion for summary judgment.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 12, 2016